IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAR 0 1 2007

BY_____D. MARK JONES, CLERK
               DEPUTY CLERK

| | |
|---|---|
| LEONARD G. MILLER, <br><br> Plaintiff, | ORDER AND MEMORANDUM DECISION |
| vs. | |
| CITY OF TOOELE, et al, <br><br> Defendants. | Case No. 2:03-CV-397 TC |

Defendants Roger C. Niesporek, Todd M. Hewitt (collectively "Defendants") have filed various post-verdict motions. Plaintiff Leonard G. Miller sued Defendants under 42 U.S.C. § 1983, alleging they conducted an illegal search and seizure in violation of the Fourth Amendment.[1] During the jury trial, the court entered a directed verdict for Defendant Hewitt because there was no evidence he personally violated Mr. Miller's rights. After considering the evidence, the jury entered a verdict in favor of Defendant Niesporek, concluding he did not violate Mr. Miller's Fourth Amendment rights.

---

[1] By trial, only Defendants Niesporek and Hewitt remained in the lawsuit because the court granted a motion for summary judgment which dismissed all other Defendants. (Aug. 14, 2006 Am. Order & Mem. Dec., at 16 (dkt. #104)).

As the prevailing party, Defendants now seek attorneys' fees under 42 U.S.C. § 1988, as well as costs.

For the reasons stated below, the court DENIES Defendants' request for attorneys' fees and does not rule on Defendants' request for costs.

## ANALYSIS

### A.  Defendants Are Not Entitled to Attorneys' Fees

Defendants do not meet the high standard necessary to award attorneys' fees to a prevailing defendant under 42 U.S.C. § 1988. The civil rights statutes "allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. But courts distinguish between a prevailing plaintiff and a prevailing defendant, setting a much higher standard for a prevailing defendant to recover attorneys' fees. The Supreme Court established "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); U.S. ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1058 n.22 (10th Cir. 2004) ("The more stringent test for the recovery of attorney fees by a defendant is based on the distinction between the equitable considerations adhering to the parties."). As the Tenth Circuit has explained, "[t]his is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000). Even "[t]he dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." Id.

Defendants have not presented any argument that they satisfy this exceptional standard. Rather, Defendants rely on the jury's verdict for Defendant Niesporek and the court's directed

2

verdict for Defendant Hewitt. As explained below, these outcomes do not satisfy the standard to award attorneys' fees.

The jury verdict in favor of Defendant Niesporek is insufficient to merit attorneys' fees under Section 1988. Defendant Niesporek previously moved for summary judgment on Mr. Miller's Fourth Amendment allegations. (Defs. Mots. Summ. Jmt. (dkt. #25, #88).) But the court denied the motions. (July 27, 2005 Order & Mem. Dec. (dkt. #38); Aug. 14, 2006 Am. Order & Mem. Dec. (dkt. #104).) At trial, after both sides presented arguments and evidence, the jury ruled in favor of Defendant Niesporek. But a favorable jury verdict does not satisfy the heavy burden required to award attorneys' fees to a prevailing defendant. Otherwise, every jury verdict for a defendant would merit attorneys' fees, in complete disregard of the Supreme Court's elevated standard. See Hensley, 461 U.S. at 429 n.2. Because Defendant Niesporek seeks attorneys' fees based solely on the jury verdict, he has not satisfied the standard. Attorneys' fees are not proper for Defendant Niesporek.

Similarly, Defendant Hewitt's directed verdict does not justify awarding attorneys' fees. Joining Defendant Niesporek arguments, Defendant Hewitt has previously moved for summary judgment and the court denied the motions. (July 27, 2005 Order & Mem. Dec. (dkt. #38); Aug. 14, 2006 Am. Order & Mem. Dec. (dkt. #104).) During trial, the court granted Defendant Hewitt's motion for a directed verdict because Mr. Miller did not offer evidence that Defendant Hewitt personally violated the Fourth Amendment. But a directed verdict does not establish that Mr. Miller's claims qualify as "vexatious, frivolous, or brought to harass." Hensley, 461 U.S. at 429 n.2. The court finds that Defendant Hewitt does not satisfy the substantial burden to merit attorneys' fees.

Consequently, Defendants' Motion for Attorneys' Fees (dkt. #168) is DENIED.

**B.  The Clerk of Court Will Determine Costs**

The clerk of court will handle Defendants' request for costs (dkt. #165). This order does not address or consider Defendants' request and does not affect their rights to seek costs.

### ORDER

For the foregoing reasons, the court DENIES Defendants' Motion for Attorneys' Fees (dkt. #168) and does not consider Defendants' bill of costs (dkt. #165).

DATED this 1st day of March, 2007.

BY THE COURT:

TENA CAMPBELL
Chief Judge